## THE EXECUTORS OF I. I. BEEKMAN *against* THE EXECUTORS OF GERARD I. BEEKMAN.

Parol evidence of an entry received, upon proof of the loss of the book containing it.

When A. holds a single bill made by B., and, after B.'s decease, pays a sum of money to his executors, as so much in his hands belonging to B.'s estate, this is evidence of money had and received, under a notice of set-off in an action brought by A. on such bill, that A. had retained the amount of the single bill.

THIS was an action of covenant, on a single bill for 93*l.*, made by Gerard I. Beekman, in favor of I. I. Beekman, payable on demand, and dated February 8th, 1792.

Plea, *non est factum*, with a notice of set-off.

In the course of the defendant's defence, it appeared that one Franklin had acted as the agent of the defendant, in settling the estate of G. I. Beekman. That, by virtue of the will of the defendant's testator, Franklin had sold the testator's real property, and had, from the proceeds, paid the testator's debts. That, after the payment of debts, a balance of 700*l.* remained in his hands, which he paid over to the defendant. It also appeared that Franklin had kept an account of his agency, regularly entered in a book, in his own hand-writing, which book was either lost or mislaid. Afer this proof relative to the book, the defendant offered, in evidence, a copy of the agency account, taken from the said book, and proved to be a true copy, in which account there was an item, in the following words, viz. : " 13th April, 1793, received of I. I. Beekman, 99*l.* 4*s.* 6*d.*,

for so much he had in his hands of G. I. Beekman's estate."

*Slosson*, for the plaintiff, contended that this testimony was inadmissible; 1st, because the book itself, if it had been produced, could not have been received in evidence in favor of the defendant, the entries having been made by the defendant's agent; and 2d, because the courts had never gone so far as to admit a copy of an entry in evidence, but had always required proof of the hand-writing of a deceased clerk or agent, by whom the entry had been made.

*Bogardus*, for defendant, admitted the last rule as laid down by the plaintiff's counsel, but contended that this case was an exception out of it. That, after proof of the loss of the original entries, an attested copy was the next best evidence.

SPENCER, J. The testimony is admissible; there is no other mode of getting at the fact; and it is, furthermore, an entry by the agent charging himself.(1)

*Bogardus* then contended, that the items contained in the account, showing a payment of money by the obligee to the obligor, subsequent to the date of the single bill, was presumptive evidence of the payment of the bill by the obligor.

*Slosson* contended, that the state of the pleadings would not admit of evidence of payment, the defendant having placed his defence on *non est factum* and notice of set-off.

(1) Vide *Commings* v. *Fisher*, ante, and the note *et quae.*

Exec'rs. of I. I. Beekman v. Exec'rs. of G. I. Beekman.

SPENCER, J. The payment of the 99*l.* by the obligee to the executor of the obligor, subsequent to the date of the obligation declared on, is presumptive evidence of his having retained, in his own hand, money of the obligee's, to the amount of the single bill, and this therefore may be offered in evidence, under the notice of set-off, for so much money had and received.

Verdict for defendants.

*Slosson*, for plaintiffs.

*Bogardus*, for defendants.